# Exhibit B

IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

| | |
|---|---|
| TERRENCE ADAMS,<br>Individually And On Behalf Of<br>All Others,<br><br>  Plaintiffs,<br><br>vs.<br><br>EXPRESS SCRIPTS, INC.<br>Registered Agent:<br>CSC-Lawyers Incorporating Service<br>Company<br>221 Bolivar Street<br>Jefferson City, MO  65101<br>  Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Terrence Adams, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, Express Scripts, Inc. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant routinely obtains and uses information in consumer reports (as a "consumer report" is defined pursuant to the FCRA) to conduct background checks on prospective and existing employees.

3. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

4. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

5. Plaintiff asserts FCRA claims on behalf of himself and all other individuals whose

rights under the FCRA were violated as may be revealed during this proceeding.

6. On behalf of himself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

7. Plaintiff Adams is a resident of St. Louis, Missouri. Plaintiff was the subject of a consumer report and is a member of the Putative Class defined below.

8. Defendant is a non-resident foreign company formed under the laws of Delaware doing business in Missouri.

## JURISDICTION AND VENUE

9. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

10. Venue is proper in this Court pursuant to R.S.Mo. 508.010(4).

## FACTUAL ALLEGATIONS

11. Plaintiff attended the Ferguson job fair in August of 2015 and spoke with Defendant's representatives about possible job openings.

12. Approximately one week after the job fair the Plaintiff received a phone call from the Defendant in which he received an interview over the phone.

13. Plaintiff is informed that would hear something in the next few weeks and there would be a follow up interview with the team lead of the tech position.

14. Approximately two weeks later a male employee from the Human Resource department called and provided the Plaintiff with a date and time for the second interview.

15. Plaintiff has a second interview with a female and male employee from the Defendant.

16. Following the second interview the Plaintiff was directed to go online and complete the paperwork that would allow the company to procure a consumer report.

17. Plaintiff watched the progress of the consumer report and called and left a message for the Defendant once the report was complete.

18. The Defendant called the Plaintiff back the next day and informed the Plaintiff that due to the results of the consumer report he was denied the job.

19. Defendant did not provide the Plaintiff a copy of the consumer report prior to the phone call that denied him the job.

20. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

21. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his consumer report.

22. Plaintiff has never received a copy of the consume report used in whole or in part to deny him the job

23. Defendant is aware of the FCRA.

24. Defendant has knowledge that it must comply with the FCRA.

25. Defendant is required to obtain all consumer reports for employment purposes in accordance with the FCRA.

26. Defendant obtained a consumer report on the Plaintiff from General Information Services, Inc.

27. Despite having knowledge of the requirements of the FCRA, Defendant failed to

comply with the FCRA.

28. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

29. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

31. Plaintiff asserts the following adverse action class defined as:

    a. **Proposed Adverse Action Class:** All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after December 10, 2013, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

32. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant time period, hundreds of Defendant's employees and prospective employees would fall within the definition of the class.

### Common Questions of Law and Fact

33. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

   c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

   d. Whether Defendant's violations of the FCRA were willful;

   e. The proper measure of statutory damages and punitive damages.

### Typicality

34. Plaintiff's claims are typical of the members of the proposed class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees, but fails to provide the consumer report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant

treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

35. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

36. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

37. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

38. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

39. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

40. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

### Adverse Action Violations

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff from General Information Services, Inc.

43. Defendant used a consumer report, as defined by the FCRA, to take adverse

employment action against Plaintiff, and on information and belief, other members of the adverse action class.

44. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

45. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

46. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

   c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

47. Plaintiff and the adverse action class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

48. Plaintiff and the adverse action class members are also entitled to punitive damages

employment action against Plaintiff, and on information and belief, other members of the adverse action class.

44. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

45. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

46. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

   c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

47. Plaintiff and the adverse action class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

48. Plaintiff and the adverse action class members are also entitled to punitive damages

Electronically Filed - Cole Circuit - December 10, 2015 - 02:49 PM

for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

49. Plaintiff and the adverse action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

   d. Order finding that Defendant committed multiple, separate violations of the FCRA;

   e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

   f. Order awarding statutory damages and punitive damages as provided the FCRA;

   g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

   h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with

respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

| | |
|---|---|
| **TERRENCE ADAMS,** ) <br> Individually And On Behalf Of ) <br> All Others, ) <br>  ) <br> Plaintiffs, ) <br>  ) Case No.: <br> vs. ) <br>  ) <br> **EXPRESS SCRIPTS, INC.** ) <br> Defendant. ) | |

### ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record for Plaintiff and those similarly situated in the above captioned matter.

        Respectfully submitted,

        By: /s/ Jayson A. Watkins
        Jayson A. Watkins MO #61434
        Brown & Associates LLC
        301 S. US 169 Hwy
        Gower Missouri 64454
        Tel: 816-505-4529
        Fax: 816-424-1337
        watkins@brownandwatkins.com
        ATTORNEY FOR PLAINTIFF



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 15AC-CC00577 |
| Plaintiff/Petitioner:<br>TERRENCE ADAMS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>EXPRESS SCRIPTS | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: EXPRESS SCRIPTS
Alias:

C/O CSC LAWHERS INC
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**COLE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____12/10/2015_____    _____/s/_____
Date                                                                                by bmu

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                                   Date                              Notary Public

**Sheriff's Fees**
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage           $_____ (_____ miles @ $_____ per mile)
Total             $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 15-SMCC-1009     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:16-cv-04014-MJW   Document 1-2   Filed 01/12/16   Page 13 of 17



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division: JON EDWARD BEETEM | Case Number: 15AC-CC00577 |
|---|---|
| Plaintiff/Petitioner: TERRENCE ADAMS vs. | Plaintiff's/Petitioner's Attorney/Address CHARLES JASON BROWN 301 S US HIGHWAY 169 GOWER, MO 64454-9116 |
| Defendant/Respondent: EXPRESS SCRIPTS | Court Address: 301 E HIGH JEFFERSON CITY, MO 65101 |
| Nature of Suit: CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: EXPRESS SCRIPTS
Alias:
C/O CSC LAWHERS INC
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF COLE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/10/2015
Date                                                                                                 by bmj

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to CSC-Lawyers Inc. Service Co. LAUREN SHIPLEY (name) designee (title).
☐ other _____.
Served at 221 Bolivar St., Jefferson City, MO 65101 (address)
in Cole (County/City of St. Louis), MO, on 12/14/15 (date) at 2:28 pm (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 12-14-15 (date).
My commission expires: 12-4-16
     Date                                                                  Notary Public

(Seal)

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2016

**Sheriff's Fees**
Summons        $_____
Non Est        $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage        $_____ (_____ miles @ $_____ per mile)
Total          $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 15-SMCC-1009    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# AFFIDAVIT OF SERVICE

**State of Missouri**  **County of Cole**  **Circuit Court**

Case Number: 15AC-CC00577

Plaintiff/Petitioner:
**TERRENCE ADAMS, Individually and on Behalf of All Others**
vs.
Defendant/Respondent:
**EXPRESS SCRIPTS, INC.**

Received by HPS Process Service & Investigations to be served on Express Scripts, Inc., c/o CSC Lawyers, Inc., 221 Bolivar Street, Jefferson City, MO 65101. I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 14 day of DEC., 2015 at 2:28 p.m., executed service by delivering a true copy of the Summons in Civil Case; and Complaint in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 14th day of Dec., 15 by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2016

PROCESS SERVER # PPS15-0185
Appointed in accordance with State Statutes

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559
Our Job Serial Number: 2015020298

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5h



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division: | Case Number: 15AC-CC00577 |
|---|---|
| JON EDWARD BEETEM | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| TERRENCE ADAMS | CHARLES JASON BROWN |
| | 301 S US HIGHWAY 169 |
| vs. | GOWER, MO 64454-9116 |
| Defendant/Respondent: | Court Address: |
| EXPRESS SCRIPTS | 301 E HIGH |
| Nature of Suit: | JEFFERSON CITY, MO 65101 |
| CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: EXPRESS SCRIPTS
Alias:

C/O CSC LAWHERS INC
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF COLE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/10/2015
Date

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to CSC-Lawyers Inc. Service Co. LAUREN SHIPLEY (name) designee (title).
☐ other _____

Served at 221 Bolivar St, Jefferson City, MO 65701 (address)
in COLE (County/City of St. Louis), MO, on 12/14/15 (date) at 2:28 pm (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 12-14-15 (date).
My commission expires: 12-4-16
Date    Notary Public

(Seal)

### Sheriff's Fees

| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2016

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 15-SMCC-1009    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:16-cv-04014-MJW   Document 1-2   Filed 01/12/16   Page 16 of 17

Electronically Filed - Cole Circuit - January 04, 2016 - 10:22 AM

# AFFIDAVIT OF SERVICE

**State of Missouri**  **County of Cole**  **Circuit Court**

Case Number: 15AC-CC00577

Plaintiff/Petitioner:
**TERRENCE ADAMS, Individually and on Behalf of All Others**
vs.
Defendant/Respondent:
**EXPRESS SCRIPTS, INC.**

Received by HPS Process Service & Investigations to be served on Express Scripts, Inc., c/o CSC Lawyers, Inc., 221 Bolivar Street, Jefferson City, MO 65101. I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 14 day of DEC., 2015 at 2:28 p.m., executed service by delivering a true copy of the Summons in Civil Case; and Complaint in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 14th day of Dec., 15 by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2016

PROCESS SERVER # PPS15-0185
Appointed in accordance with State Statutes

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559
Our Job Serial Number: 2015020298

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5h